**Albert L. HARLAN, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 04–3056.

United States Court of Appeals, Federal Circuit.

Oct. 8, 2004.

Before MAYER, Chief Judge, ARCHER, Senior Circuit Judge and CLEVENGER, Circuit Judge.

PER CURIAM.

Albert L. Harlan seeks review of the final decision of the Merit Systems Protection Board ("board"), which found that Harlan's appeal was untimely filed and that the board lacked jurisdiction of Harlan's loss of a security clearance. *Harlan v. Dep't of the Navy,* No. SE0752030382–I–1 (MSPB, Initial Decision issued on Sept. 22, 2003, Final Decision issued on Oct. 27, 2003). We *affirm.*

■ We must affirm the final decision of the board unless we conclude that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000). Pursuant to 5 C.F.R. § 1201.154(b), a petition for review of a board decision must be filed

within 30 days unless the petitioner shows good cause for the delay in filing. *See Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed.Cir.2003); *see also* 5 C.F.R. § 1201.22(c) ("If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown."). To establish good cause for a filing delay a petitioner must show that the delay was excusable under the circumstances and that he exercised due diligence in attempting to meet the filing deadline. *Zamot*, 332 F.3d at 1377 (citing *Phillips v. United States Postal Serv.*, 695 F.2d 1389, 1391 (Fed.Cir.1982)).

██ Harlan's appeal stems from his removal by the Navy from a position as a WG–10 Pipefitter at the Puget Sound Naval Shipyard. The board held that Harlan's filing was untimely by eleven months and that he failed to exercise due diligence or ordinary prudence under the circumstances sufficient to establish good cause. Harlan claims that the untimely filing was the result of neglect by his representative. We have held that "a person is bound by the consequences of his representative's conduct, which includes both his acts and omissions." *Rowe v. Merit Sys. Prot. Bd.*, 802 F.2d 434, 437 (Fed.Cir.1986). Consequently, Harlan has failed to present a justifiable excuse for the untimely filing. A portion of Harlan's grievance results from the loss of a security clearance. The board correctly determined that it lacked jurisdiction to consider Harlan's challenge to the revocation of his security clearance. *See Dep't of the Navy v. Egan*, 484 U.S. 518, 530, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988) (holding that where the substance of a removal is based upon national security concerns, such as those resulting from a

security clearance denial, board review under such circumstances is limited).